

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00501-CR

Kevin Arick **O'DELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-19-0000144
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed: January 27, 2021

DISMISSED FOR LACK OF JURISDICTION

On September 28, 2020, appellant Kevin Arick O'Dell filed with the trial court clerk a pro se request for forms seeking to appeal an order of deferred adjudication. A copy of O'Dell's request for forms was filed with our court and docketed as a notice of appeal.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In absence of a timely motion for new trial, a defendant must file a notice of appeal within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a). A late notice of appeal may be considered timely so as

to invoke our jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522.

In this case, the clerk's record shows the trial court signed an order of deferred adjudication pursuant to a plea bargain on February 12, 2020. O'Dell did not file either a timely motion for new trial or motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. Therefore, his notice of appeal was due by March 13, 2020, but was not filed until September 28, 2020.

Because O'Dell did not timely file a notice of appeal, we ordered his court appointed attorney to show cause why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art 26.04 (providing court appointed counsel represents appellant until his appeal is exhausted or until the trial court grants appointed counsel the right to withdraw and appoints new counsel). Counsel filed a response admitting the notice of appeal is untimely and this court does not have jurisdiction over this appeal.

Because O'Dell did not timely file the notice of appeal, we lack jurisdiction to entertain this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs

out-of-time appeals from felony convictions). We therefore dismiss this appeal for lack of jurisdiction.[1]

PER CURIAM

Do Not Publish

---

[1] Even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification stated this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).